IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MOSES R. RHINE | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv311 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Moses R. Rhine, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner complains that the limitations period should not apply to him because the statute of limitations was not in effect at the time of his conviction. However, the one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after

that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). As petitioner's petition was not filed until April 14, 2009, the one-year limitations period applies to his claims. *Id.*

As the Magistrate Judge observed, the factual predicate of the claim in this case was discoverable with reasonable diligence as of the date of petitioner's parole revocation and re-incarceration on December 5, 2007. Thus, the limitations period expired on December 5, 2008. Petitioner, however, did not file his first state application for writ of habeas corpus until January 26, 2009. Therefore, the statutory tolling provisions do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). While petitioner contends he should be entitled to equitable tolling, "equity is not intended for those who sleep on their rights." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). In addition to the delay described above, petitioner waited more than two additional months following the dismissal of his state application before filing his federal petition. Accordingly, the petition should be dismissed.

Additionally, petitioner complains that the rules regarding the restoration of time credits following the revocation of parole were changed in 1995 and should not apply to him because they were not in effect at the time of his conviction. However, under Texas law, eligibility for credit is determined by the statute in effect upon the revocation of parole. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). Thus, the petition is without merit.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under

prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations. So **ORDERED** and **SIGNED** this **6** day of **May, 2011.**

_____
Ron Clark, United States District Judge